# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

|  |  |  |
|---|---|---|
| CAMPANELLA D'ANGELO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CV608-33 |
| | ) | [Criminal Case No. 1S07CR089T |
| SUPERIOR COURT OF SCREVEN | ) | in the Superior Court of Screven |
| COUNTY, | ) | County] |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Campanella D'Angelo has submitted a petition to remove his state criminal prosecution for child molestation to federal court pursuant to 28 U.S.C. § 1443(1),[1] which permits removal of state criminal prosecutions

---

[1] Section 1443 states:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) for any act under color of authority derived from any law providing for equal rights or refusing to do any act on the ground that it would be inconsistent with such law.

that impinge on a federal law providing for the equal civil rights of citizens. (Doc. 1.) To remove a case under § 1443(1),[2] the defendant must meet two requirements. First, he must claim the denial of a specific civil right stated in terms of racial equality. Johnson v. Mississippi, 421 U.S. 213, 219 (1975); Georgia v. Rachel, 384 U.S. 780, 792 (1966) (seminal case on the scope and meaning of § 1443). Second, he must show that he is denied or cannot enforce that right in state court. Johnson, 421 U.S. at 219.

Here, D'Angelo has not met the first requirement, as there is no indication in his petition that he is being denied any civil right relating to racial equality.[3] (Doc. 1 at 2-4.) Additionally, even if D'Angelo has alleged a federal statutory right within the meaning of § 1443(1), he has made no showing that he would inevitably be denied that right or he could not enforce the right in the state court. "Under § 1443(1), 'the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a

---

[2] Removal under § 1443(2) is available only to federal officers and individuals assisting such officers in the performance of their duties. City of Greenwood v. Peacock, 384 U.S. 808, 815 (1966).

[3] D'Angelo contends that he was arrested on a "hearsay warrant," denied certain constitutionally required hearings, and denied his right to effective assistance of counsel. (Doc. 1 at 2-4.)

pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.'" Johnson, 421 U.S. at 220 (quoting Peacock, 384 U.S. at 828). A petitioner who seeks to remove his case to federal court must satisfy this requirement by specific allegations of fact. 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3728 (3d ed. 1998). D'Angelo has not shown that the state court is unwilling to recognize or protect any specific federal civil right related to racial equality. Accordingly, he has not shown grounds for removal under § 1443(1), so his petition should be **DENIED**.[4]

**SO REPORTED AND RECOMMENDED** this 12th day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] He also seeks to remove pursuant to 28 U.S.C. § 1446 and the Fourteenth Amendment. (Doc. 1 at 1.) Section 1446, however, simply provides the procedure for removal; it does not provide any additional jurisdictional grant that would permit D'Angelo to remove his case. Furthermore, the Court is not aware of any precedent permitting removal directly under the Fourteenth Amendment. Without some statutory basis for removal, the Court is without jurisdiction to consider this case.